# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| PUBLIX SUPER MARKETS, INC., | |
| Plaintiff, | |
| v. | Case No. 8:22-cv-02569-CEH-AEP |
| ACE PROPERTY AND CASUALTY INSURANCE COMPANY, et al., | Hon. Charlene Edwards Honeywell |
| Defendants. | |

## PUBLIX SUPER MARKETS, INC.'S UNOPPOSED
## MOTION FOR THE COURT TO ENTER FINAL JUDGMENT

Plaintiff Publix Super Markets, Inc. ("Publix"), by and through its undersigned counsel and pursuant to the Court's Order dated October 29, 2024 (the "Order," ECF No. 270), the Middle District of Florida Local Rules, and Federal Rules of Civil Procedure 56(f)(1) and 58, hereby responds to the Court's order that Publix show cause why summary judgment regarding certain 2013 insurers' duty to defend it in the underlying lawsuits should not be granted in favor of Defendants, and respectfully requests that the Court enter final judgment in this matter in order for Publix to appeal to the United States Court of Appeals for the Eleventh Circuit.

## BASIS FOR REQUESTED RELIEF

Publix filed its Motion for Partial Summary Judgment on the 2013 Insurers' Defense Obligation with respect to the operative complaints in the 69 opioid lawsuits faced by Publix (the "Summary Judgment Motion," ECF No. 176) to obtain a defense

against the opioid lawsuits as well as to address certain threshold issues raised by Defendants at the outset of this litigation. Although the Summary Judgment Motion was only directed to certain 2013 insurers to streamline the motion as much as possible, those 2013 insurers were chosen, at least in part, because their policies served as exemplars for the policies issued in all years by all Defendant insurers. Specifically, all insurance policies at issue in this action provide coverage in the event of a claim against Publix seeking damages "because of bodily injury," as that term is defined in the policies.

In the Order, the Court ruled that "the underlying lawsuits do not allege damages because of bodily injury, and, therefore, the 2013 insurers do not have a duty to defend Publix in the underlying lawsuits." ECF No. 270 at 32. While Publix disagrees with the Order and will appeal, it cannot show cause why summary judgment on the duty to defend issue should not be granted in favor of the 2013 insurer Defendants given the Court's determination.

Moreover, because all policies at issue in this case contain language that the Court ruled is functionally similar to that discussed in the Court's Order, the Court's Order therefore applies with equal force to all Defendants, not just the 2013 insurers, resolving Publix's First, Second, and Third Causes of Action against all Defendants to the extent those causes of action seek a declaration that Defendants have a duty to defend Publix or pay Publix's defense costs for the underlying lawsuits. And because "a duty to indemnify cannot exist if there is no duty to defend," *First Mercury Ins. Co. v. First Fla. Bldg. Corp.*, 2022 WL 4017061, at *8 (M.D. Fla. Sept. 2, 2022) (Honeywell,

J.), the Court's ruling therefore also effectively resolves Publix's remaining Fourth Cause of Action seeking judgment that Defendants have a duty to indemnify Publix for the underlying lawsuits (and the portion of the Second Cause of Action addressing the duty to indemnify).

Because the Order resolves all claims against all Defendants, including those claims that had been stayed, Publix requests that the Court enter final judgment against it and in favor of Defendants, declaring that Defendants do not have a duty to defend or indemnify Publix for the opioid lawsuits under any of the policies at issue in this case or referenced in the Amended Complaint (ECF No. 11) and dismissing with prejudice Publix's claims, with each party to bear its own fees and costs, so that Publix may appeal the Order to the Eleventh Circuit.

The Court also directed the parties to file a joint amended Case Management Report within twenty-one (21) days from the date of the Order. ECF No. 270 at 33. In light of Publix's request for the Court to enter final judgment dismissing the action, Publix submits that no amended Case Management Report is necessary and respectfully requests that this requirement of the Order be mooted by the entry of final judgment.

**WHEREFORE**, Publix respectfully requests that the Court enter final judgment against it and in favor of Defendants, declaring that Defendants do not have a duty to defend or indemnify Publix for the operative complaints in the opioid lawsuits referenced in the Amended Complaint (ECF No. 11) under any of the policies referenced in the Amended Complaint and, for the reasons stated in the Order,

3

dismissing with prejudice Publix's claims as to all Defendants such that the judgment is appealable to the Eleventh Circuit pursuant to 28 U.S.C. § 1291, and Publix further requests all such other and further relief as the Court deems just and proper so that Publix may file an appeal to the Eleventh Circuit without delay, including that the Court declare that the Court's order for the parties to file a joint amended Case Management Report within twenty-one (21) days from the date of the Order is moot.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned certifies that counsel for Publix has conferred with Defendants' counsel by email, and Defendants do not oppose the relief requested herein.

Dated: November 15, 2024

/s/ *Kenneth H. Frenchman*

| | |
|---|---|
| Kenneth H. Frenchman (*pro hac vice*) <br> Alexander M. Sugzda (*pro hac vice*) <br> Jason D. Meyers (*pro hac vice*) <br> COHEN ZIFFER FRENCHMAN & MCKENNA LLP <br> 1325 Avenue of the Americas <br> New York, New York 10019 <br> Tel: (212) 584-1890 <br> Fax: (212) 584-1891 <br> kfrenchman@cohenziffer.com <br> asugzda@cohenziffer.com <br> jmeyers@cohenziffer.com | Robert H. Friedman (FBN: 25994) <br> FRIEDMAN P.A. <br> 340 Royal Poinciana Way, Suite 317-202 <br> Palm Beach, FL 33480 <br> Tel: (561) 800-2110 <br> Fax: (561) 246-3413 <br> rob@friedmanpa.com <br><br> *Attorneys for Publix Super Markets, Inc.* |