# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

PUBLIX SUPER MARKETS, INC.,

    Plaintiff,

v.                                               Case No: 8:22-cv-2569-CEH-AEP

ACE PROPERTY AND CASUALTY
INSURANCE COMPANY, *et al.*,

    Defendants.

## ORDER

This cause comes before the Court on Plaintiff Publix Super Markets, Inc.'s ("Publix") Unopposed Motion for the Court to Enter Final Judgment (Doc. 275). In the motion, Publix asks the Court to enter a final judgment in this matter so that it may file an appeal of the Court's determination that the opioid lawsuits do not allege damages "because of bodily injury." *See* Doc. 270. Upon review, the motion is due to be denied.

## BACKGROUND

In this insurance action, Publix sought a declaration that its insurers have a duty to defend and indemnify it in pending lawsuits related to the opioid epidemic ("the underlying lawsuits"). The Amended Complaint names as defendants the 19 insurance companies that issued policies to Publix providing layers of coverage between 1995 and 2018. Docs. 11, 11-1. Count I alleges breach of contract against the two insurers who issued first-layer policies, Hartford Fire Insurance Company and

Twin City Fire Insurance Company, for failing to provide coverage for defense costs for the opioid lawsuits. Doc. 11 ¶¶ 39, 94-101. Count II alleges anticipatory breach of contract against all insurers for anticipatorily repudiating their alleged obligation to provide coverage for defense costs, settlements, or judgments. *Id.* ¶¶ 102-110. Counts III and IV seek a declaratory judgment that all insurers have a duty to defend and indemnify it, respectively, in the opioid lawsuits. *Id.* ¶¶ 111-126.

On September 13, 2023, in response to a motion to dismiss, the Court stayed Count IV, the duty to indemnify, as to all defendants, and dismissed Counts II and III as to Fireman's Fund Insurance Company and National Surety Corporation. Doc. 214.

Publix moved for partial summary judgment. Doc. 176. It sought a declaration that seven defendants—Hartford Fire Insurance Company, Liberty Mutual Fire Insurance Company, ACE Property and Casualty Insurance Company, Great American Insurance Company of New York, Liberty Insurance Underwriters Inc., XL Insurance America, Inc., and The Ohio Casualty Insurance Company—have a duty to provide coverage for Publix's defense costs incurred in the underlying lawsuits under policies they issued for the policy period January 1, 2013, to January 1, 2014. *Id.* Publix explained that it was limiting its motion to the 2013 policies "in order to streamline motion practice before this Court, and because a ruling on this issue has the potential to significantly simplify this litigation going forward." *Id.* at 8.

On October 29, 2024, the Court issued an Order denying Publix's motion for partial summary judgment ("the October 29 Order"). Doc. 270. The Court found that

2

the 2013 policies issued by the seven insurers did not provide coverage for the opioid lawsuits. *Id.* As a result, it directed Publix to show cause as to why it should not grant partial summary judgment in favor of those defendants with respect to those policies, pursuant to Fed. R. Civ. P. 56(f)(1). *Id.* at 32-33.

Publix filed its Unopposed Motion for the Court to Enter Final Judgment in response to the Court's Order to show cause. Doc. 275. Publix explains that it "cannot show cause why summary judgment on the duty to defend issue should not be granted in favor of the 2013 insurer Defendants given the Court's determination" in the October 29 Order, which Publix intends to appeal. *Id.* at 2. In addition, Publix represents that the 2013 policies at issue in the motion for partial summary judgment "served as exemplars for the policies issued in all years by all Defendant insurers," and that "all policies at issue in this case contain language that the Court ruled is functionally similar to that discussed in the Court's Order[.]" *Id.* The Order therefore "applies with equal force to all Defendants, not just the 2013 insurers, resolving Publix's First, Second, and Third Causes of Action against all Defendants to the extent those causes of action seek a declaration that Defendants have a duty to defend Publix or pay Publix's defense costs for the underlying lawsuits." *Id.* The Order also "effectively resolves" Count IV, because a duty to indemnify cannot exist if there is no duty to defend. *Id.* at 2-3. Thus, Publix asks the Court to enter final judgment against it as to all counts of the Amended Complaint and all defendants, so that Publix may file an appeal. *Id.* at 3-4. Defendants do not oppose the requested relief. *Id.* at 4.

3

## DISCUSSION

Despite the unopposed nature of the motion for final judgment, it is due to be denied. The judgment Publix requests is broader than the findings of the October 29 Order and the current record support. Accordingly, the Court will deny the motion.

On the current record, the Court may, and does, grant partial summary judgment to the seven 2013 insurers with respect to the 2013 policies, pursuant to Fed. R. Civ. P. 56(f).[1] For the reasons discussed in the October 29 Order, those seven defendants are entitled to summary judgment in their favor on Counts I, II, and III, with respect to the 2013 policies only, based on the Court's conclusion that there is no duty to defend Publix in the underlying lawsuits under the 2013 policies. *See* Doc. 270 at 21-32. As Publix correctly observes, this conclusion also compels a finding that the same insurers do not have a duty to indemnify it under the 2013 policies. *See, e.g.*, *Trailer Bridge, Inc. v. Ill. Nat'l Ins. Co.*, 657 F.3d 1135, 1146 (11th Cir. 2011). They are therefore entitled to summary judgment in their favor on Count IV as well.

However, Publix requests a judgment that is much broader than the findings compelled by the October 29 Order. Publix asks the Court to issue a final judgment in favor of all 17 remaining defendants with respect to all policies covering the other

---

[1] (f) Judgment Independent of the Motion. After giving notice and a reasonable time to respond, the court may:
    (1) grant summary judgment for a nonmovant;
    (2) grant the motion on grounds not raised by a party; or
    (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

Fed. R. Civ. P. 56(f).

23 years alleged in the Amended Complaint. But because Publix limited its motion for partial summary judgment to the 2013 policies, those other policies were not before the Court when it issued the October 29 Order, and the finding that there is no coverage under the 2013 policies does not automatically extend to them. Publix's brief statement in its motion that all the policies "contain language that the Court ruled is functionally similar to that discussed in the Court's Order," Doc. 275 at 2, is insufficient to permit the Court to make the global determination Publix now requests. On this record, then, the request for final judgment as to all policies is due to be denied. The Court will address the remaining policies when those policies are before the Court for consideration on motion or by stipulation of the parties.

Accordingly, it is **ORDERED**:

1. Plaintiff's Unopposed Motion for the Court to Enter Final Judgment (Doc. 275) is **denied**.

2. For the reasons expressed in the Court's October 29 Order, the following Defendants are entitled to summary judgment in their favor on Counts II, III, and IV, with respect to policies they issued for the policy period January 1, 2013, to January 1, 2014:

    a. Hartford Fire Insurance Company, Liberty Mutual Fire Insurance Company, ACE Property and Casualty Insurance Company, Great American Insurance Company of New York, Liberty Insurance Underwriters Inc., XL Insurance America, Inc., and The Ohio Casualty Insurance Company.

3. Defendant Hartford Fire Insurance Company is also entitled to summary judgment in its favor on Count I, with respect to the policy it issued for the policy period January 1, 2013, to January 1, 2014.

4. To avoid piecemeal judgments, a final judgment to this effect will be entered at the conclusion of this litigation.

5. The parties are directed to file a joint amended Case Management Report within **twenty-one (21) days** from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on December 6, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties