UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PUBLIX SUPER MARKETS, INC.,

   Plaintiff,

v.                                                 Case No: 8:22-cv-2569-CEH-AEP

ACE PROPERTY AND CASUALTY
INSURANCE COMPANY, *et al.*,

   Defendants.

## ORDER

This cause comes before the Court on Plaintiff Publix Super Markets, Inc.'s ("Publix") Renewed Unopposed Motion for the Court to Enter Final Judgment (Doc. 279). In the renewed motion, Publix again asks the Court to enter a final judgment in this matter so that it may file an appeal of the Court's determination that the opioid lawsuits do not allege damages "because of bodily injury." *See* Doc. 270. The parties have also filed a Joint Policy Stipulation (Doc. 278), which stipulates to the content of all policies at issue in the instant action. Upon review and full consideration, the Court finds that the renewed motion for final judgment is due to be granted.

## BACKGROUND

The Court's Order dated December 6, 2024, recounted the background of Publix's first motion for final judgment as follows:

> In this insurance action, Publix sought a declaration that its insurers have a duty to defend and indemnify it in pending lawsuits related to the opioid epidemic ("the underlying lawsuits"). The

Amended Complaint names as defendants the 19 insurance companies that issued policies to Publix providing layers of coverage between 1995 and 2018. Docs. 11, 11-1. Count I alleges breach of contract against the two insurers who issued first-layer policies, Hartford Fire Insurance Company and Twin City Fire Insurance Company, for failing to provide coverage for defense costs for the opioid lawsuits. Doc. 11 ¶¶ 39, 94-101. Count II alleges anticipatory breach of contract against all insurers for anticipatorily repudiating their alleged obligation to provide coverage for defense costs, settlements, or judgments. *Id.* ¶¶ 102-110. Counts III and IV seek a declaratory judgment that all insurers have a duty to defend and indemnify it, respectively, in the opioid lawsuits. *Id.* ¶¶ 111-126.

On September 13, 2023, in response to a motion to dismiss, the Court stayed Count IV, the duty to indemnify, as to all defendants, and dismissed Counts II and III as to Fireman's Fund Insurance Company and National Surety Corporation. Doc. 214.

Publix moved for partial summary judgment. Doc. 176. It sought a declaration that seven defendants—Hartford Fire Insurance Company, Liberty Mutual Fire Insurance Company, ACE Property and Casualty Insurance Company, Great American Insurance Company of New York, Liberty Insurance Underwriters Inc., XL Insurance America, Inc., and The Ohio Casualty Insurance Company—have a duty to provide coverage for Publix's defense costs incurred in the underlying lawsuits under policies they issued for the policy period January 1, 2013, to January 1, 2014. *Id.* Publix explained that it was limiting its motion to the 2013 policies "in order to streamline motion practice before this Court, and because a ruling on this issue has the potential to significantly simplify this litigation going forward." *Id.* at 8.

On October 29, 2024, the Court issued an Order denying Publix's motion for partial summary judgment ("the October 29 Order"). Doc. 270. The Court found that the 2013 policies issued by the seven insurers did not provide coverage for the opioid lawsuits. *Id.* As a result, it directed Publix to show cause as to why it should not grant partial summary judgment in favor of those defendants with respect to those policies, pursuant to Fed. R. Civ. P. 56(f)(1). *Id.* at 32-33.

> Publix filed its Unopposed Motion for the Court to Enter Final Judgment in response to the Court's Order to show cause. Doc. 275. Publix explains that it "cannot show cause why summary judgment on the duty to defend issue should not be granted in favor of the 2013 insurer Defendants given the Court's determination" in the October 29 Order, which Publix intends to appeal. *Id.* at 2. In addition, Publix represents that the 2013 policies at issue in the motion for partial summary judgment "served as exemplars for the policies issued in all years by all Defendant insurers," and that "all policies at issue in this case contain language that the Court ruled is functionally similar to that discussed in the Court's Order[.]" *Id.* The Order therefore "applies with equal force to all Defendants, not just the 2013 insurers, resolving Publix's First, Second, and Third Causes of Action against all Defendants to the extent those causes of action seek a declaration that Defendants have a duty to defend Publix or pay Publix's defense costs for the underlying lawsuits." *Id.* The Order also "effectively resolves" Count IV, because a duty to indemnify cannot exist if there is no duty to defend. *Id.* at 2-3. Thus, Publix asks the Court to enter final judgment against it as to all counts of the Amended Complaint and all defendants, so that Publix may file an appeal. *Id.* at 3-4. Defendants do not oppose the requested relief. *Id.* at 4.

Doc. 276 at 1-3.

The Court denied Publix's first motion for final judgment. Doc. 276.[1] The Court observed that its ruling that there was no coverage under the 2013 policies did not automatically extend to the remaining policies, which were not before the Court. *Id.* at 5. Publix's mere statement that the remaining policies contained language that was functionally similar to the 2013 polices was not enough to authorize a final judgment with respect to those policies; the Court noted, however, that the remaining policies could come before the Court "on motion or by stipulation of the parties." *Id.*

---

[1] The Court did, however, grant summary judgment in favor of the 2013 insurers under Fed. R. Civ. P. 56(f).

Publix now seeks to place the remaining policies before the Court.  The parties' Joint Policy Stipulation attaches 150 polices, which span from coverage years 1995 to 2020, issued by all defendants in this action. Doc. 278.  The parties stipulate that each policy "limit[s] coverage to claims against Publix alleging 'damages' 'because of' or 'for' 'bodily injury,' or follow form to the same." *Id.* ¶ 2.

In its renewed motion for final judgment, Publix argues that the Joint Policy Stipulation demonstrates that the Court's ruling in the October 29 Order "resolves all of Publix's causes of action in its Amended Complaint," because it "applies with equal force to all Defendants, not just the 2013 insurers." Doc. 279 at 2.

## DISCUSSION

Ordinarily, "any order…that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties[.]" Fed. R. Civ. P. 54(b).  Rule 54(b) provides that a district court may direct entry of a final judgment as to "fewer than all" of the claims in an action— and thereby green-light an appeal—if it determines that there is no just reason for a delay. *See id.*; *Gelboim v. Bank of Am. Corp.*, 547 U.S. 405, 409 (2015).  Here, however, instead of seeking a Rule 54(b) certification of the Court's October 29 Order regarding the 2013 insurers only, Publix argues that the October 29 Order on its motion for partial summary judgment has the effect of resolving all the claims in this action. Publix therefore seeks entry of a final judgment of the entire action under Rule 58. *See* Fed. R. Civ. P. 58.

4

In support of its request, Publix cites Rule 56(f), which permits a district court to grant summary judgment for a nonmovant if it has provided notice and a reasonable time to respond. Doc. 279 at 1, citing Fed. R. Civ. P. 56(f)(1). In this unusual case, Publix is the movant who is requesting judgment in *favor* of the opposing party for the purpose of proceeding to an appeal. Publix maintains that the Court's findings in the October 29 Order necessarily resolve the remaining claims. The Court finds that Publix's two unopposed motions requesting this relief, coupled with the parties' thorough briefing on the motion for partial summary judgment, constitute adequate notice and an opportunity to be heard under Rule 56(f). It will therefore consider the merits of Publix's request.

In its October 29 Order denying Publix's motion for partial summary judgment, the Court found that the opioid lawsuits do not allege damages "because of bodily injury" under Florida law. Doc. 270. The Court also observed that one of the 2013 policies and some of the caselaw use the term "because of bodily injury" interchangeably with the term "for bodily injury," although Publix asked the Court to adopt the Seventh Circuit's view that "for" is narrower than "because of." *Id.* at 25. Either view compels the conclusion that the opioid lawsuits also do not allege damages "for bodily injury." The October 29 Order concluded that the 2013 policies do not cover the opioid lawsuits, as they only cover damages "because of bodily injury" or, in one instance, "for bodily injury." Doc. 270.

The Joint Policy Stipulation demonstrates that, like the 2013 policies, the remaining policies that Defendants issued to Publix cover only claims alleging

5

damages "because of bodily injury" or "for bodily injury." Doc. 278. Accordingly, pursuant to Florida law and for the reasons explained in the October 29 Order, *see* Doc. 270 at 21-32,[2] none of the policies offer coverage of the opioid lawsuits. Because none of the Defendants have a duty to defend or indemnify Publix in the underlying lawsuits, Publix is correct that the findings in the October 29 Order resolve all counts of the Amended Complaint as to the remaining Defendants. Defendants are therefore entitled to summary judgment in their favor under Rule 56(f). The Court will grant Publix's motion and enter a final judgment in Defendants' favor with respect to all counts of the Amended Complaint.

Accordingly, it is **ORDERED**:

1. Plaintiff's Renewed Unopposed Motion for the Court to Enter Final Judgment (Doc. 279) is **granted**.

2. The Clerk is directed to enter judgment in favor of all Defendants listed in the Amended Complaint (Doc. 11):

    - ACE Property and Casualty Insurance Company
    - American Guarantee & Liability Insurance Company
    - Fireman's Fund Insurance Company, *as to Count IV only\**
    - Great American Assurance Company
    - Great American Insurance Company of New York
    - Great American Spirit Insurance Company
    - The Hartford Fire Insurance Company
    - Indian Harbor Insurance Company
    - Liberty Insurance Underwriters, Inc.

---

[2] This Order adopts and incorporates that discussion.

\* The Order dated September 15, 2023 (Doc. 214), dismissed without prejudice Counts II and III against Defendants Fireman's Fund Insurance Company and National Surety Corporation for lack of subject matter jurisdiction.

- Liberty Mutual Fire Insurance Company
- Liberty Surplus Insurance Corporation
- National Fire & Marine Insurance Company
- National Surety Corporation, *as to Count IV only*
- Navigators Specialty Insurance Company
- Ohio Casualty Insurance Company
- St. Paul Fire & Marine Insurance Company
- Steadfast Insurance Company
- Twin City Fire Insurance Company
- XL Insurance America, Inc.

and against Plaintiff Publix Super Markets, Inc.

3. The Clerk is further directed to terminate any pending motions and deadlines and CLOSE this case.

**DONE** and **ORDERED** in Tampa, Florida on March 12, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties